CASE 20—INSTRUCTIONS—MAY 29, 1884.

# Maiden v. The Commonwealth.

### APPEAL FROM OHIO CIRCUIT COURT.

1. Instructions for special findings by the jury in criminal cases are not authorized by the code.
2. The jury should be required to find every fact necessary to conviction to exist beyond the influence of a reasonable doubt.

WALKER & HUBBARD FOR APPELLANT.

1. The court erred in ordering the jury to make special findings. Crim. Code, 256; *Ib.*, 526; Constitution of Ky., art. 13, sec. 8; Cosby, 320.

P. W. HARDIN FOR APPELLEE.

No brief.

JUDGE HINES DELIVERED THE OPINION OF THE COURT.

This is an indictment for breaking into and stealing from a certain storehouse. The conviction was for one year in the penitentiary. The main question is, whether the court below properly instructed the jury.

The court first instructed the jury as to special findings, in which instructions the jury were requested to determine whether the facts submitted to them were established by a preponderance of the evidence—not as to whether the existence of the facts was established by evidence beyond the influence of a reasonable doubt. Upon these special requests the jury returned findings, and to one answered that the punishment should be confinement in the penitentiary for one year. The court also instructed the jury that they must find the accused guilty beyond a reasonable doubt before returning a verdict of guilty. There was no general

verdict by the jury, but upon the special findings the court pronounced judgment of confinement in the State penitentiary for one year. The instructions for special findings as presented, are not authorized by the code, and are contrary to the theory of criminal jurisprudence. As in the case of a general finding, the jury should be required to find every fact, necessary to conviction, to exist beyond the influence of a reasonable doubt. From the special findings by the jury, under instructions from the court, there can be no doubt that appellant was prejudiced, notwithstanding the general instruction referred to. They were authorized to find and must have found appellant guilty on a preponderance of the evidence, instead of a conviction of guilt established by evidence that excluded all reasonable doubt.

As the cause must be reversed for the error indicated, it is unnecessary to refer to the other points suggested by counsel, as there is no probability that the errors, if any, will be repeated on a re-trial.

Judgment reversed.